IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LATERRIO DEANDRE COLLINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 114-096 ) (Formerly CR 112-177) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Complex in Beaumont, Texas, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED** as **MOOT**, (doc. no. 2),[1] the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

**I. BACKGROUND**

On April 30, 2013, Petitioner pled guilty to one count of possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States

---

[1] "No filing fee is required for § 2255 motions." Rules Governing Section 2255 Proceedings In The United States District Court, Rule 3, 1976 Committee Notes ("There is no filing fee required of a movant under these rules"); LaRoche v. United States, 407CV054, 2008 WL 4809786, at *2 (S.D. Ga. Nov. 4, 2008).

v. Collins, CR 112-177, doc. nos. 59-61 (S.D. Ga. Apr. 30, 2013) (hereinafter "CR 112-177"). The government agreed to drop one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) in exchange for Petitioner pleading guilty to the other counts. (Id., doc. no. 61, p. 1.) In the plea agreement, Petitioner admitted the factual basis for his conviction, including that he possessed with intent to distribute twenty-eight grams or more of cocaine base and a quantity of cocaine hydrochloride, and further that he possessed a firearm after a prior felony conviction. (Id. at 3.) Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id. at 2.)

On November 14, 2013, United States District Judge J. Randal Hall sentenced Petitioner to a total of seventy months of imprisonment, a special assessment of $200.00, a fine of $1,500.00, and five years of supervised release. (Id., doc. no. 70.) Judge Hall thereafter entered Petitioner's judgment and conviction on November 15, 2013. (Id., doc. no. 71.) Petitioner did not appeal his conviction or sentence in accordance with the appeal waiver in his plea agreement. (Id., doc. no. 61, p. 2.)

However, despite the waiver, Petitioner filed the instant motion, signed by him on April 8, 2014 and filed by the Clerk of the Court on April 14, 2014. (Doc. no. 1, p. 7.) Petitioner raises three grounds for relief. First, Petitioner argues that a "[s]ubstantial change

of law" was announced by the Supreme Court in Alleyne v. United States, 133 S. Ct. 2151 (2013), pursuant to which the alleged enhancements of his sentence based on the quantity of the cocaine hydrochloride under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and his possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), constituted elements of his offense which must be submitted to the jury. (Doc. no. 1, pp. 3, 5-6.) Second, Petitioner argues a substantial change of law was announced in United States v. Collins, 415 F.3d 304 (4th Cir. 2005), United States v. Daniels, 323 F. App'x 201 (4th Cir. 2009), and Pinkerton v. United States, 328 U.S. 640 (1946), pursuant to which the amount of drugs individually attributable to him must be submitted to the jury. (Doc. no. 1, pp. 3-5.) Third, Petitioner's counsel was ineffective for failing to request an evidentiary hearing to determine the drug quantity attributable to him pursuant to Collins, Daniels, and Pinkerton. (Id. at 5.) Petitioner asks that his sentence be corrected pursuant to these changes of law. (Id. at 6-7.)

Even if the Court were to assume, for the sake of argument that the collateral attack waiver is not valid, Petitioner is not entitled to the relief he seeks.

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a § 2255 motion must be dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, dismissal is warranted under the Rule 4 standard. As stated above, Petitioner's claims all relate to purported "substantial changes of law."

Petitioner's first claim, pertaining to the alleged enhancements of his sentence based on the quantity of the cocaine hydrochloride under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)

3

and his possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), is based on Alleyne, in which the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. Petitioner challenges his alleged enhancement for the count that was dropped in exchange for his plea agreement, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Petitioner was not convicted of 18 U.S.C. § 924(c). Instead, Petitioner was convicted under 21 U.S.C. § 841(b)(1)(B) and possessed a firearm during this offense, and thus his offense level computation of his Presentence Investigation Report ("PSI") prepared by the United States Probation Office properly included a two-point increase in accordance with § 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG"). PSI ¶ 17. Additionally, Alleyne does not apply to enhancements that only affect the Guidelines range, not the statutory mandatory minimum or maximum. United States v. Rivera, No. 13-11538, 2014 WL 943174, *4 (11th Cir. Mar. 12, 2014). Furthermore, Petitioner admitted the factual basis for his convictions, including that he possessed with intent to distribute twenty-eight grams or more of cocaine base and a quantity of cocaine hydrochloride. (Id., doc. no. 61, p. 3.) Thus, Petitioner stipulated to the quantity of drugs attributable to him. In sum, Petitioner is not entitled to relief on his first claim.

Petitioner's second claim is based on two Fourth Circuit cases, United States v. Collins, 415 F.3d 304 (4th Cir. 2005), and United States v. Daniels, 323 F. App'x 201 (4th Cir. 2009), that apply Pinkerton v. United States, 328 U.S. 640 (1946). In Pinkerton, the Supreme Court held that, when defendants are charged with conspiracy and substantive offenses, an overt act by one co-conspirator can be attributed "to the others for the purpose of holding them responsible for the substantive offense." 328 U.S. at 647. Applying this

4

principle of liability, the Fourth Circuit held in Collins that when a defendant is charged solely with drug conspiracy under 21 U.S.C. § 846 and not a substantive offense, for purposes of setting a specific threshold drug quantity and therefore determining the appropriate sentence under 21 U.S.C. § 841(b), "the jury must determine what amount of [drugs] was attributable to [the defendant] using Pinkerton principles." 415 F.3d at 314. In Daniels, the Fourth Circuit discussed how a jury must be instructed to determine the amount of drugs attributable to the defendant in accordance with Collins. 323 F. App'x 212-17.

Petitioner is not entitled to relief on his second claim. First, decisions from the Fourth Circuit are not binding on this Court. United States v. McGarity, 669 F.3d 1218, 1266 n.66 (11th Cir. 2012). Second, all three cases were decided before Petitioner was convicted, and therefore cannot constitute a "substantial change in law" as he alleges. Third, Collins, Daniels, and Pinkerton do not apply to Petitioner because he was not charged with conspiracy, but instead was charged with the substantive offense of knowingly and intentionally possessing with intent to distribute two controlled substances under 21 U.S.C. § 841(a)(1). (CR 112-177, doc. no. 1, p. 1.) Fourth, in his plea agreement, Petitioner admitted the factual basis for his convictions, including that he possessed with intent to distribute twenty-eight grams or more of cocaine base and a quantity of cocaine hydrochloride. (Id., doc. no. 61, p. 3.) Thus, Petitioner admitted the quantity of drugs attributable to him. Accordingly, Petitioner is not entitled to relief under Collins, Daniels, or Pinkerton.

Lastly, Petitioner is not entitled to relief on his third claim. Because Collins, Daniels, and Pinkerton are not applicable to Petitioner, there was no reason for Petitioner's counsel to request an evidentiary hearing to determine the drug quantity attributable to Petitioner pursuant to these cases. Furthermore, as discussed above, Petitioner admitted the quantity of

drugs attributable to him when he pled guilty, rendering any purported "evidentiary hearing" unnecessary.

In sum, Petitioner is not entitled to relief on any of his claims and the instant motion should therefore be **DISMISSED**. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED** as **MOOT**, (doc. no. 2), the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of June, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA